616 A.2d 924
IN THE MATTER OF THE GUARDIANSHIP OF S.C.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1992—Decided October 6, 1992.

Before Judges MICHELS, BAIME and WALLACE.

*David J. Popiel* argued the cause for appellant (Community Health Law Project, attorney, *pro se; David J. Popiel,* of counsel and on the brief).

*Lauren Fleischer Carlton,* Deputy Attorney General argued the cause for respondent Division of Youth and Family Services

(*Robert J. Del Tufo*, Attorney General of New Jersey, attorney; *Lauren Fleischer Carlton*, of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Appellant Community Health Law Project appeals from an order of the Chancery Division, Family Part, that imposed on it the cost of transcribing the trial testimony for the appeal in the above entitled termination of parental rights case which it prosecuted as attorney for L.C.

Briefly, L.C., the natural mother of S.C., appealed from the judgment of the Chancery Division, Family Part, that (1) terminated her parental rights and those of A.V. with respect to her minor child S.C.; (2) placed S.C. in the guardianship and control of respondent New Jersey Division of Youth and Family Services (Division) for all purposes, including placement for adoption; (3) denied her motion for birthday visitation and unsupervised contact with S.C., and (4) directed the immediate cessation of visitation between her, A.V. and S.C., except for one last visit at the Division office. While the appeal was pending, L.C. moved for the waiver of transcript costs. The Division filed a cross-motion for an order denying such costs and setting a conference to specify the legal issues and establish a briefing schedule prior to the production of the requested transcript. The Division argued that the appeal could be determined without reference to the transcript since the issues raised by L.C. could be disposed of as a matter of law. We held L.C.'s motion for a free transcript in abeyance pending conclusion of a management conference, which we ordered to be held before Judge Seidman, the Supervising Judge of the Civil Appeals Settlement Program. We also directed that Judge Seidman narrow the legal issues, set a briefing schedule and determine the necessity of the transcript. We reserved decision on who should bear the costs of the transcript pending the outcome of that conference.

Initially, since it appeared that then counsel for L.C. was somewhat contradictory, or at least equivocal, with respect to the issues that were to be raised on appeal and, consequently, as to whether a complete transcript was necessary, Judge Seidman directed L.C.'s then counsel to submit in writing an unequivocal representation as to what issues would be raised, whether counsel intended to argue that the trial court erred in terminating parental rights and whether the entire transcript was required for that purpose. Counsel was further directed to advise whether any portions of the transcript were not needed for the appeal and that then, based on counsel's responses, the motion for a free transcript would be resolved by this court. Thereafter, present counsel informed Judge Seidman that he would raise an issue that because visitation was appropriate, the criteria for determination of parental rights set forth by the Supreme Court in *New Jersey Div. of Youth and Family Services v. A.W.*, 103 *N.J.* 591, 512 *A.*2d 438 (1986) had not been met, and that the parental rights of L.C., therefore, could not be terminated. He indicated that he would also argue that even if parental rights were terminated, visitation should be continued. Counsel, therefore, claimed that the entire transcript, with the exception of certain portions that had been agreed upon with the Division, would be necessary for the appeal.

Based on counsel's representations, we ordered the Clerk of the Appellate Division to send the audio tapes of the trial court proceedings to the transcribing service for transcription in accordance with Supreme Court Directive No. 9–89, dated September 20, 1989, and entitled "Appeals from Family Division— Appellate Custody and Termination System (ACTS)." We further directed that after the merits of the appeal were decided, the issue concerning who should reimburse the Administrative Office of the Courts for payment of the transcript would be determined by this court or remanded to the trial court for determination pursuant to said directive.

Thereafter, the numerous issues raised on appeal were briefed and argued, and we subsequently issued a written

decision on the merits in *Matter of Guardianship of S.C.*, 246 *N.J.Super.* 414, 587 *A.*2d 1299 (App.Div.), certif. denied, 126 *N.J.* 334, 598 *A.*2d 891 (1991). We held, among other things, that from our study of the record and the arguments presented that there was substantial credible evidence in the record as a whole to reasonably warrant the trial court's findings and conclusions that termination of L.C.'s and A.V.'s parental rights was in the best interest of S.C., that S.C. should be committed to the Division's guardianship, care, custody and control, and that visitation was inappropriate based on the harm that had occurred, or would befall S.C., by continued contact with L.C. or A.V. *Matter of Guardianship of S.C.*, *supra*, 246 *N.J.Super.* at 418, 587 *A.*2d 1299. In reaching this decision, we were satisfied that the termination of L.C.'s and A.V.'s parental rights with respect to S.C. complied with the four-prong test set forth by the Supreme Court in *New Jersey Div. of Youth and Family Services v. A.W.*, *supra*, 103 *N.J.* at 604–11, 512 *A.*2d 438, and that the evidence proved clearly and convincingly that the relationships seriously impaired S.C.'s health and development. Accordingly, we affirmed the judgment under review and remanded the matter to the trial court for a determination as to who should pay the costs of the transcript in accordance with Directive No. 9–89.

Pursuant to our mandate, the trial court on remand held that there was no provision in law or basis in fact to require the Division to pay the costs of the transcript and ordered the Community Health Law Project to reimburse the Administrative Office of the Courts for the costs incurred in preparing the trial transcript in this matter. The Community Health Law Project appeals, and we now reverse.

We are satisfied that proper appellate review of the issues raised on this appeal on behalf of L.C. could not have been accomplished without a review of a full and complete transcript of the trial testimony. The trial transcript was an integral part of the record on appeal and afforded us—the reviewing court— a basis for a complete and proper analysis of all of the issues before us. The transcript of the trial testimony was necessary

to determine whether the trial court (1) properly terminated L.C.'s parental rights with respect to the minor child S.C.; (2) properly placed S.C. in the guardianship and control of the Division for all purposes, including the placement for adoption, and (3) properly directed the immediate cessation· of visitations between L.C., A.V. and S.C., except for one last visit at the Division's office. These critically fact-sensitive issues could not properly have been reviewed and decided without a full and complete transcript of the trial testimony. In view of this, and in view of the fact that L.C. was indigent, the cost of the transcript must be borne by the Division, not the indigent appellant or her attorney. *See In re Guardianship of Dotson,* 72 *N.J.* 112, 118–19, 367 *A.*2d 1160 (1976).[1]

Accordingly, the order under review is reversed, and the Division is directed to reimburse the Administrative Office of the Courts for the costs of the transcript of the trial testimony in this matter.

---

[1] In reaching our decision to impose the costs of the trial transcript on the Division, we are not unmindful of the fact that the Supreme Court Directive No. 9–89, which requires the Clerk of the Appellate Division to send immediately the audio tapes of the proceedings in the trial court in matters involving the termination of parental rights to an appropriate transcribing service for transcription, precludes the opportunity of the Division to apply to the trial court for a determination as to whether the grounds for appeal can be fully considered without a full transcript and the matter submitted in accordance with the procedures set forth in *In re Guardianship of Dotson, supra,* 72 *N.J.* at 117–18, 367 *A.*2d 1160 and *R.* 2:5–3(f). *See also* Pressler, *Current N.J. Court Rules,* comment 6 on *R.* 2:5–3 (1992).